
POSTED
DEC 4 - 2012



## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

### ORDER OF ABATEMENT

Appellate case name:     Jacob Joseph Hernandez v. The State of Texas

Appellate case number:   01-12-00721-CR

Trial court case number: 1256018

Trial court:             263rd District Court of Harris County

The Clerk of the Court has examined the clerk's record and has found that it does not comport with the Texas Rules of Appellate Procedure in that it does not include a copy of the trial court's certification of appellant's right of appeal that corresponds to the trial court's July 19, 2012 judgment.[1] *See* TEX. R. APP. P. 25.2(a)(2), (d), 34.5(a)(12).

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d).[2] *See* TEX.

---

[1]   The record does contain a Certification of Defendant's Right of Appeal, but it is dated April 25, 2011 and only applies to appellant's plea of April 25, 2011, which resulted in the trial court's June 10, 2011 judgment placing appellant on community supervision. *See* TEX. R. APP. P. 25.2(a)(2) (requiring trial court to enter certification each time it enters judgment or appealable order); *Hargesheimer v. State*, 182 S.W.3d 906, 912, 913 (Tex. Crim. App. 2006). The record therefore does not contain a certification that pertains to the trial court's July 19, 2012 judgment adjudicating appellant's guilt.

[2]   Although the July 19, 2012 judgment states "appeal waived," the record does not support any waiver of the right to appeal, as the reporter's record does not reflect an oral waiver after appellant was sentenced and the clerk's record contains no documents establishing a bargained-for waiver. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Ex parte Delaney*, 207 S.W.3d 794, 799–800 (Tex. Crim. App. 2006); *Monreal v. State*, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003). Accordingly, the certification should either state that this is not a plea-bargain case and appellant has the right of appeal or should state that appellant has waived the right to appeal and the record should be supplemented with supporting documentation. *See Hargesheimer*, 182 S.W.3d at 913; *Dears v. State*, 154 S.W.3d 610, 613, 614–15 (Tex. Crim. App. 2005).

R. App. P. 25.2(d). Once properly completed and executed, the certification shall be included in a supplemental clerk's record. *See* Tex. R. App. P. 34.5(c)(2). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court no later than 20 days from the date of this order. *See id.* This order constitutes notice to all parties of the defective certification. *See* Tex. R. App. P. 37.1.

It is so ORDERED.

Judge's signature: _____

☑ Acting individually   ☐ Acting for the Court

Date: _____12 - 3 - 12_____